JONES, Judge.
This is a tort action which resulted from an automobile accident that occurred some five miles north of the City of Baton Rouge at the intersection of Plank Road with the Thomas Road.
The plaintiff, Wade Williams, seeks the recovery of damages for personal injuries on behalf of himself as well as his minor daughter, London Ann. Rosa Lee Williams, the wife of Wade Williams, seeks the recovery of damages for her personal injuries and Katie Steumon, who was a passenger in the. Williams car, seeks recovery for her personal injuries.
The allegations of the petition show that Wade Williams was driving his 1953 Chevrolet automobile north on the Plank Road. He stopped his automobile in the right traffic lane for the purpose of waiting for the traffic to clear in order to make a left turn on Thomas Road and while he was so stopped the defendant Rohabaugh, who was likewise traveling north on Plank Road, drove his Cadillac automobile at a high rate of speed into the rear end of the Williams car, knocking it into the opposing or southbound traffic lane where it was involved in a collision with a Ford automobile owned and being driven at the time by Jack W. Hennigan. The acts of negligence charged to defendant Rohabaugh were that he was driving at an excessive rate of speed, in excess of 60 miles per hour; not maintaining a proper lookout; not having his car under proper control; and driving it into the rear end of petitioner’s automobile when there was absolutely no reason for him to have done so.
Defendant denied any acts of negligence on his part and further set forth that on the night of the accident he was driving his automobile in a northerly direction on Plank Road at a legal and reasonable rate of speed and when he was approaching the intersection of Plank Road with Thomas Road he was proceeding to the rear of the Chevrolet car driven by the plaintiff Williams; *32 that Williams reached the intersection of Thomas Road he slowed down and turned his front wheels to his left preparing to turn to his left into Thomas Road; that as said Williams continued to drive his vehicle to his left and to the west across the center line, one Robert K. Marble, who was proceeding south on Plank Road, was forced to swerve his car off the roadway to avoid a collision with the Williams car, and that immediately thereafter the Chevrolet car driven by Williams collided with the Ford car driven by Jack W. Hennigan, which was likewise proceeding south on Plank Road; that the collision of the Chevrolet car with the Ford car propelled the Williams vehicle back into the east or northbound traffic lane of Plank Road and directly into the path of the automobile driven by the defendant Rohabaugh; that since the Chevrolet car was propelled back into the path of defendant’s car, he had no opportunity to avoid the collision and collided with the rear end 'of the said Chevrolet automobile driven by Williams. It is accordingly alleged by defendant that Williams was negligent in failing to keep a proper lookout and in driving to his left across the opposing traffic lane at a time when other vehicles, particularly the vehicle driven by Jack W. Hennigan, were too close to avoid a collision. In the alternative, defendant pleads contributory negligence of the plaintiff Wade Williams.
In a separate suit, Mr. Jack W. Henni-gan sought recovery on behalf of himself and his two minor children and Mrs. Plen-nigan, his wife, sought recovery for her personal injuries. The Fidelity and Casualty Company of New York, the collision insurers of Hennigan intervened. In a sub-rogation suit the Fidelity and Casualty Company, as the collision insurer of Wade Williams, sought recovery of the defendant Rohabaugh. The three suits were consolidated for the purpose of trial with separate judgments to be rendered in each case. The District Court rendered judgment rejecting the plaintiffs’ demands in the above entitled cause and they have perfected this appeal.
Plank Road at the point where the collision took place is a paved two lane highway, 18 feet in width, with a yellow center line. On the evening of September 7, 1958, at approximately the hour of 7:30 P.M., at a time when it was about dusk dark, Wade Williams was driving his 1953 Chevrolet automobile in a northerly direction on Plank Road. Passengers in the Williams car were his wife, Rosa Lee Williams, a friend, Katie Steumon, both of whom were sitting on the front seat with the driver, two minor children of the Williams, who were on the back seat, as well as the minor child of the Steumon woman, who was likewise on the back seat. When the car driven by Williams reached a point where the Thomas Road intersects with the Plank Road, according to the testimony of Williams, which is corroborated by his wife and Mrs. Steumon, the Chevrolet car was stopped with its front and rear lights on, as well as the indicator light, and Williams stated that he extended his hand indicating his stop. These witnesses further testified that while they were so stopped they were hit from the rear by the Cadillac car driven by the defendant and propelled into the southbound traffic lane of Plank Road where they were then hit by the Ford car driven by Hennigan. Defendant Rohabaugh testified that he was driving north on Plank Road at a rate of speed of between 40 and 50 miles per hour; that he saw the Chevrolet car making the left turn into Thomas Road and that it got sufficiently out of his way for him to proceed past it in the northbound traffic lane but that when he was so close to it that it was too late to maneuver his car out of the way that it was propelled back into his car as a result of its having been struck from the front by the Hennigan car. Hen-nigan was traveling, of course, south on Plank Road, according to his testimony, at a rate of speed of about 55 miles per hour and even though he saw the Chevrolet car *33 driven by Williams at an angle as if to turn, he was positive that the front wheels were not across the center line immediately before he reached said car. It is apparent from Hennigan’s testimony that he was of the opinion that the Chevrolet car moved across the center line just as he struck it. The point of impact on the Ford car was 12 inches to the left of center and the point of impact on the Chevrolet car in the front was 12 inches to the left of center. The point of impact on the Chevrolet car in the rear was 12 inches to the right of center. Mrs. Hennigan corroborated the testimony given by her husband.
Immediately prior to the accident, Robert K. Marble and his wife were likewise traveling south on Plank Road some 200 feet ahead of the Ford car driven by Hen-nigan. Their testimony is to the effect that when they first saw the Chevrolet car driven by Wade Williams it was moving; that it stopped about two feet west of the center line or in the southbound traffic lane; started up again and it was necessary for Mr. Marble to swerve his car slightly into Thomas Road in order to avoid colliding with said Chevrolet automobile. While he was getting his car straightened out in the south traffic lane of the Plank Road, Marble testified, he stated to his wife that there was liable to be an accident and Mrs. Marble later testified that when her husband made this statement she turned and looked to the rear and saw the Chevrolet and the Ford collide in the south traffic lane of Plank Road. Both Mrs. Marble and her husband further testified that at the time of this impact the Cadillac car which was proceeding north and driven by the defendant passed their car and in a matter of seconds it ran into the rear of the Chevrolet car. Mr. Marble, who is a resident of Mississippi, is a senior at Louisiana. State University studying zoology and his wife is employed in the office of the Dean of Women at the University. Neither of them knew any of the parties involved in the collision and, for this reason, the District Judge accepted their version of how the accident occurred. Accordingly, he held that the first collision was between the Chevrolet car and the Ford car and as a result of said collision the Chevrolet car was propelled backward and into the Cadillac car of the defendant. He further reasoned that the cause of the collision between the Chevrolet car and the Ford car was due to the plaintiff Williams making a left turn into the path of the Hennigan car at a time when the Hennigan car was so close to the Williams car that he could not avoid striking it. The District Judge who saw and heard these witnesses was in a much better position than are we to evaluate their testimony. Since the case presents only a question of fact, great weight should be given to his findings and the judgment should not be reversed unless he has committed manifest error.
We are of the opinion that the trial judge was correct in giving great weight to the testimony of Mr. and Mrs. Marble and thereby reaching the conclusion that the Chevrolet and the Ford were involved in the first collision. There is other testimony in this record given by the plaintiffs, Wade Williams, his wife, Rosa Lee, and Katie Steumon, which convinces us that the first collision occurred between the Chevrolet and the Ford automobiles. Each of these witnesses testified that from the impact they were thrown forward in the Chevrolet and the three children who were in the back seat were thrown into the front seat with them. It is admitted by Mr. Doyle, the expert witness called by the plaintiffs, that for them to have been thrown forward in the car the impact would have had to have come from the front. Of course, this is true and, necessarily, since they were at first thrown to the front of the car, the first impact had to be between the Chevrolet and the Ford from the front of the Chevrolet. It is, of course, true that the seats of the Chevrolet were broken down in the back but this was caused by the force from the Cadillac hitting it in the rear subsequent to .the time it had been hit by the Ford automobile. The witness Doyle testi *34 fied that because the seats in the Chevrolet automobile were broken down in the back that he was of the opinion that the first collision was between the Cadillac and the Chevrolet automobiles. However, when he was asked to examine the photographs which he took one day subsequent to the accident and to explain to the court which collision came first, he admitted there was nothing in the said photographs to indicate which collision came first. His testimony was, therefore, valueless and, as a matter of fact, he finally admitted he didn’t know exactly what took place at the time of the accident.
Accordingly, since only a question of fact is presented in this case and we do not find manifest error committed by the judge of the lower court in rejecting the plaintiffs’ demands, the judgment is affirmed at plaintiffs’ costs.
Affirmed.
HERGET, J., recused.